Case 1:19-cv-02309-LGS   Document 1   Filed 03/14/19   Page 1 of 11

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARUGA LLIGUICOTA,
*on behalf of herself and FLSA Collective Plaintiffs,*

      Plaintiff,

  v.

CARA NAILS, INC. d/b/a Cara Nails
and EUN HI HONG

      Defendants.

---

Case No.:

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, MARUGA LLIGUICOTA (hereinafter, "Plaintiff"), on behalf of herself and FLSA Collective Plaintiffs, by and through her undersigned attorney, hereby files this Complaint against Defendants, CARA NAILS, INC. d/b/a Cara Nails ("Corporate Defendant") and EUN HI HONG ("Individual Defendant", collectively with Corporate Defendant, "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unlawful deductions from wages, (4) liquidated damages and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, she and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unlawful deductions from wages, (4) unpaid spread of hours premium, (5) liquidated damages and statutory penalties and (6) attorneys' fees and costs.

3. Plaintiff further alleges that she is entitled to recover damages for breach of employment contract from Defendants.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff, MARUGA LLIGUICOTA, is a resident of Queens County.

7. Upon information and belief, Defendant, CARA NAILS, INC. d/b/a Cara Nails, is a domestic business corporation organized under the laws of New York, with a principal place of business, and an address for service of process, located at 1722 FIRST AVENUE, New York, New York, 10128.

8. Upon information and belief, Defendant, EUN HI HONG, is the Chief Executive Officer of Defendant, CARA NAILS, INC. d/b/a Cara Nails.

9. Upon information and belief, EUN HI HONG exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, EUN HI HONG exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

10. At all relevant times, Defendant, CARA NAILS, INC. d/b/a Cara Nails, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons (including, but not limitied to massagists, manicurists, pedicurists and receptionists) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper

wages due to time-shvaing, minimum wages and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

16. From in or around September 2017 until in or around September 2018, Plaintiff, MARUGA LLIGUICOTA, worked as a manicure, masseuse and pedicurist for Defendants' nail salon located at 1722 1st Avenue, New York, NY 10128.

17. During her employment, MARUGA LLIGUICOTA was scheduled to work 5 days a week, from 9:30 a.m. to 8:00 p.m., for a total amount of 52.5 hours per week. From the start of her employment until January 2018, Plaintiff MARUGA LLIGUICOTA was paid $8.00 per hour. From January 2018 until September 2018, she was paid $9.00 per hour. In addition, all tips were paid in cash during Plaintiff MARUGA LLIGUICOTA's employment.

18. At all relevant times, Defendants paid Plaintiff MARUGA LLIGUICOTA as well as FLSA Collective Plaintiffs at hourly rates below the standard minimum wage. Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform them that all tips received by them are to be retained

by them except pursuant to a valid tip pooling arrangement in violation of the FLSA, (iv) failed to inform them that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the FLSA and NYLL, (vi) failed to accurately track daily tips earned or maintain records thereof, (vii) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, and (viii) failed to provide a proper wage statement with every payment of wages informing Plaintiff and other tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL.

19. In addition Defendants improperly took a tip credit that exceeded the maximum permissible tip credit under the New York Labor Law and applicable regulations.

20. Despite Plaintiff being required to work through her lunch break throughout her employment, Defendants still deducted thirty (30) minutes per day from Plaintiff's workhours.

21. Plaintiff MARUGA LLIGUICOTA received her compensation completely in cash, and was never provided with a pay stub while employed by Defendants.

22. Although Plaintiff regularly worked in excess of forty (40) hours per workweek during her employment, Defendants never paid her overtime premium for all hours worked in excess of forty (40), as required under the FLSA and NYLL. She was only paid at a straight time rate for all of her work hours in excess of forty (40) each week.

23. During her employment by Defendants, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, she never received any spread of hours premium for working such shifts, as required under the NYLL.

24. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half).

25. Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage to the Plaintiff and FLSA Collective Plaintiffs.

26. Defendants knowingly and willfully operated their business with a policy of improperly deducting from Plaintiff and FLSA Collective Plaintiffs' wages.

27. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees (including, but not limited to massagists, manicurists, pedicurists and receptionists), in violation of the New York Labor Law. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

28. Plaintiff retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. Plaintiff realleges and reavers Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within

the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff is covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

31. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

32. Upon information and belief, at all relevant times, Defendant, CARA NAILS, INC. d/b/a Cara Nails, had gross revenues in excess of $500,000.

33. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA collective Plaintiffs for all of their hours worked due to Defendants' policy of time shaving.

34. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

35. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

36. Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked.  Defendants were not entitled to take any tip credits under the FLSA, because they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit..

37. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and,

if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

39. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

41. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Plaintiffs suffered damages, plus an equal amount as liquidated damages.

42. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

43. Plaintiff realleges and reavers Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

45. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

46. Defendants willfully violated Plaintiff's rights by failing to pay minimum wages in the lawful amount for hours worked.  Defendants were not entitled to take any tip credits under the NYLL, because they (i) failed to properly provide notice to all tipped employees in their native language that Defendants were taking a tip credit in violation of the NYLL, (ii) failed to provide wage statements that listed the tip credit allowance claimed as part of the minimum wage, and (iii) caused tipped employees to engage in non-tipped duties exceeding 2 hours or 20% of each workday in violation of NYLL.  In addition Defendants took an impermissibly excessive tip credit.

47. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff spread of hours premium for all days worked in exceed of ten (10) hours.

48. Defendants willfully violated Plaintiff's rights by operating their business with a policy and practice of time shaving and refusing to pay Plaintiff for the compensation earned due to off-the-clock work.

49. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

50. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

51. Due to the Defendants' New York Labor Law violations, Plaintiff and other non-exempt employees are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid spread of hour premium, unpaid wages due to time-shaving, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the New York Labor Law;

e. An award of unpaid spread of hour premium under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and unpaid wages dut to time-shaving pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages, unpaid wages due to time-shaving and spread of hour premium pursuant to the New York Labor Law;

h. An award of statutory penalties, and prejudgment and post-judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 13, 2019

        Respectfully submitted,

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        William Brown (WB 6828)
        30 East 39th Street, Second Floor
        New York, NY 10016
        Tel.: 212-465-1188
        Fax: 212-465-1181
        *Attorneys for Plaintiff and FLSA Collective Plaintiffs*

By:     */s/ C.K. Lee*
        C.K. Lee, Esq. (CL 4086)